UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LUIS FERNANDO MALDONADO-ALONSO,                                   Petitioner,

v.                                                      Civil Action No. 4:26-cv-438-RGJ

ARTHUR MAGLINGER, ET AL.                                          Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Luis Fernando Maldonado-Alonso's Writ of Habeas Corpus. [DE 1]. Respondents responded on June 29, 2026. [DE 7]. Petitioner replied on June 30, 2026. [DE 10]. The parties agree no evidentiary hearing is necessary. [DE 8; DE 9]. Petitioner filed an emergency motion to supplement the record and expedite consideration. [DE 14]. This matter is ripe for adjudication. For the reasons below, this Court **GRANTS** the Petition for Writ of Habeas Corpus. [DE 1].

**I.        Background**

Petitioner Luis Fernando Maldonado-Alonso ("Maldonado-Alonso") is a 53-year-old native and citizen of Venezuela. [DE 1 at 12-13]. In August 2022, Maldonado-Alonso presented himself at the United States border. [*Id.*]. He was then paroled into the interior of the United States and issued a Notice to Appear, with certain requirements such as periodic check-ins with immigration officials. [*Id.*]. Maldonado-Alonso thereafter filed an asylum petition, which remains pending. [*Id.*].

Maldonado-Alonso has been in detention since February 9, 2026. [*Id.*]. On February 9, 2026, Maldonado-Alonso appeared for a required Immigration and Customs Enforcement ("ICE") check-in. [*Id.*]. Upon arrival, he was arrested and taken into ICE custody at Clay County Jail in Brazil, Indiana. [*Id.*]. While confined at Clay County Jail, Maldonado-Alonso filed a Petition for Writ of Habeas Corpus in the Southern District of Indiana. [*Id.*]. There, the court held that

Maldonado-Alonso was detained under Section 1225, not Section 1226, as an applicant for admission. *Maldonado Alonso v. Swearingen, et. al.,* Case No. 2:26-cv-133, slip op. at 31 (S.D. Ind. Apr. 17, 2026). After this decision, Maldonado-Alonso was transferred to Daviess County Detention Center, within the Western District of Kentucky, where he remains today. [DE 1 at 13].

Maldonado-Alonso asserts that he is being improperly detained under Section 1225(b)(2)(A) as an applicant for admission. [DE 1 at 31]. Instead, Maldonado-Alonso asserts his detention is governed by Section 1226, pursuant to *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–35 (6th Cir. 2026). [DE 1 at 31].[1] Thus, his detention is in violation of his due process rights under the Fifth Amendment. [*Id.*].

The United States acknowledges that "Petitioner is correct about the Sixth Circuit's *Lopez-Campos* decision" but states Maldonado-Alonso "overlooks" his second Immigration Court Order regarding bond, and that he has indeed received a proper bond hearing pursuant Section 1226. [DE 7 at 81]. And if "he is dissatisfied with that ruling, an appeal is the appropriate next step" instead of a habeas petition. [*Id.*]. Accordingly, the United States asserts Maldonado-Alonso has been afforded all the due process to which he is owed and his Petition should be denied. [*Id.*].

In the Immigration Judge's ("IJ") custody redetermination hearing the United States relies on, the IJ held that Maldonado-Alonso was denied bond because he is an "applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings . . . under section [1225(b)]" and thus he is "ineligible for any subsequent release on bond." [DE 7-1 at 85]. Additionally, ICE's

---

[1] Petitioner also asserts a claim for failure to provide constitutionally adequate medical care. [DE 1 at 26]. However, those claims must be brought through a civil action, unless brought as an Eighth Amendment violation. *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020); *see also, Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004). Because the Court grants the Petition on other grounds, however, it need not reach the issue of whether the alleged lack of medical care constitutes an Eighth Amendment violation.

Form I-213 states that Maldonado-Alonso is currently "in ICE custody without bond pending removal." [DE 7-7 at 106].

## II.    Discussion[2]

Respondents acknowledge that "Petitioner is correct about the Sixth Circuit's *Lopez-Campos* decision." [DE 7 at 80-81]. And Respondents assert "a later hearing on the merits resulted in the denial of bond on substantive grounds." [*Id.*]. Respondents, however, mischaracterize Maldonado-Alonso's bond hearing. Maldonado-Alonso's bond hearing, as described above, was based solely on jurisdictional grounds. [DE 7-1 at 85]. The IJ did not make a factual determination after weighing danger, flight risk, and family ties as is required by the statute and its implanting regulations. Section 1226(a); 8 C.F.R. § 236.1(d). Instead, the IJ held that because Maldonado-Alondo is being detained pursuant to Section 1225, he is illegible for bond. [DE 7-1 at 85]. Further, ICE's own internal records indicate that Maldonado-Alonso is being held without bond. [DE 7-7 at 106]. Thus, on review of the record before the Court, Petitioner is being subjected to mandatory detention that *Lopez-Campos* forbids for petitioners under Section 1226(a). *Lopez-Campos,* 175 F.4th at 731-32.

Due process typically "requires some kind of a hearing *before* the [government] deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (citations omitted). Accordingly, the record reflects Maldonado-Alonso has been deprived of the due process by not being provided a hearing on the merits before his detention. *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055

---

[2] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

(N.D. Cal. 2021). To detain an individual on 1226(a), the United States must provide a bond hearing before a neutral IJ. 8 U.S.C. § 1226(a)(2); 8 C.F.R. §§ 236.1(d)-(g).

For the reasons set forth and above, The Court **GRANTS** Maldonado-Alonso's Petition for Writ of Habeas Corpus [DE 1] and orders the following: (1) the United States is directed to release Petitioner Maldonado-Alonso immediately because of the unlawful detention in violation of his due process rights; and (2) the United States must certify compliance with the Court's order by a filing on the docket **by August 6, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

August 5, 2026

4